998 F.2d 1017
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael H. MacCREADY, Defendant-Appellant.
 No. 92-3996.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1993.*
Decided July 22, 1993.
 
 Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Michael MacCready appeals from his conviction for conspiring to distribute marijuana, 21 U.S.C. § 846, and for using a firearm in relation to drug trafficking crimes. 18 U.S.C. § 924(c)(1) and (2). He argues that two agents of the Drug Enforcement Agency violated his rights under the Fourth Amendment when they searched his home and seized drugs and guns. The district court denied MacCready's motion to suppress this evidence, finding after an evidentiary hearing that he voluntarily consented to the search of his house. We affirm.
 
 
 2
 MacCready raises two arguments on appeal. First, he asserts that the testimony of the DEA officers was incredible and that the court should have credited his version of events. The facts pertaining to the search and seizure do not bear repeating in any detail because we give particular deference to the district court's findings of fact in a suppression hearing. Unlike this court, the district court has the advantage of being able to hear the testimony and observe the demeanor of witnesses. United States v. Williams, 945 F.2d 192, 195 (7th Cir.1991). "The task of determining whose testimony is more truthful is a difficult one ... and it is performed by the trier of fact with little effective power of intervention by the appellate court." United States v. Cardona-Rivera, 904 F.2d 1149, 1153 (7th Cir.1990). While MacCready points out several inconsistencies in the agents' testimony and questions their description of the procedures they followed in obtaining his consent, none of his arguments establishes that the district court should have found the government's testimony to be "exceedingly improbable". Id. at 1152.
 
 
 3
 Second, MacCready argues that even if the agents' version of events is credible, MacCready did not consent to the search and seizure as a matter of law. We disagree. Searches conducted without warrants or probable cause are not per se unreasonable under the Fourth Amendment if an individual freely and voluntarily consents. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Whether consent is voluntary or coerced "is a question of fact to be determined from the totality of the circumstances." Id. at 222. We will reverse a district court only if its finding on this question is clearly erroneous. United States v. Talkington, 843 F.2d 1041, 1047 (7th Cir.1988).
 
 
 4
 MacCready claims that the district court committed clear error because the credited testimony showed him to be nervous during his conversation with the agents. Although state of mind is one of the totality of factors to be considered in evaluating the voluntariness of a defendant, it is not determinative. Schneckloth, 412 U.S. at 227. See also United States v. Duran, 957 F.2d 499, 503 (7th Cir.1992) (consent voluntary "absent a showing that ... emotional distress was so profound as to impair ... capacity for self-determination or understanding of what the police were seeking...."). In addition, MacCready argues that the agents' behavior was coercive because they flanked him on his driveway. The district court expressly found no "crowding" of MacCready, but even if he felt vulnerable, we have upheld voluntary consent when a naked gentleman confronted at his door four officers with drawn weapons, one of whom was blocking the entrance. United States v. Dickerson, 975 F.2d 1245, 1249 (7th Cir.1992), cert. denied, 113 S.Ct. 1316 (1993). Whether the agents ever informed MacCready of his right to refuse consent is irrelevant because the Constitution does not require any such warning. Schneckloth, 412 U.S. at 231. Additionally, MacCready claims that the agents' testimony shows that he twice denied consent before ultimately allowing the agents into his home. Our review of the record shows that MacCready expressed reluctance about permitting a search but never flat out rejected the officers' requests or ordered them off his property. MacCready's remaining arguments do not merit discussion. In consideration of the totality of the circumstances, the district court correctly determined that the credited testimony demonstrated that MacCready freely and voluntarily consented to the search.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record